**UNITED STATES of America,**
**Appellee,**

v.

**Robert Conrad BOLIN, Appellant.**

No. 23930.

United States Court of Appeals,
Ninth Circuit.

March 20, 1970.

Certiorari Denied June 8, 1970.
See 90 S.Ct. 1882.

Patricia A. Coleman (argued), Los Altos, Cal., for appellant.

Jerald E. Olson (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before CARTER and HUFSTEDLER, Circuit Judges, and PECKHAM,* District Judge.

JAMES M. CARTER, Circuit Judge.

Appellant was convicted of receiving money known to have been stolen from a federally insured bank, 18 U.S.C. § 2113(c). He was sentenced to a term of ten years. Companion charges of participating in the bank robbery were dismissed by the court for lack of evidence. Appellant here challenges the constitutionality of 18 U.S.C. § 2113(c) and raises a plethora of arrest and trial errors. We affirm the conviction.

The evidence at trial showed that appellant and three coinmates escaped from a county jail in Washington. Shortly thereafter, two of the escapees robbed a branch of the Peoples National Bank of $1356.00. A few minutes later the robbers rejoined appellant and the other escapee. Part of the robbery proceeds were given to appellant. The four escapees were then driven to a Tacoma motel by a friend. That evening FBI agents arrested appellant's companions in the motel room. A portion of the robbery proceeds were found in the room. Appellant was arrested one block away from the motel with $65.60 in robbery proceeds on his person.

## I. *The Constitutionality of 18 U.S.C. § 2113(c).*

Appellant initially challenges the constitutionality of 18 U.S.C. § 2113(c).[1] He contends that the section is impermissibly "vague and ambiguous as to the specific intent and knowledge required for a crime" and that the section is "arbitrary and discriminatory in violation of the 'due process' clause of the Fifth Amendment."

We find no merit to the argument that the statute is vague and ambiguous. The Supreme Court in Connally v. General Construction Company, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, held that a statute is impermissibly vague when "men of common intelligence must necessarily guess at its meaning and differ as to its application * * *." Here the proscriptions of the statute are quite clear. Congress intended to punish knowing receivers of stolen bank property. The punishment meted out to the recipient is governed by the amount stolen by the taker. If the amount taken is over $100, the recipient may be sentenced

---

* Honorable Robert F. Peckham, United States District Judge for the Northern District of California, sitting by designation.

1. § 2113(c) and its companion § 2113(b) read:

"(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker."

up to ten years. If the amount taken is $100 or less, the recipient may be sentenced up to one year. The terms of the statute suggest no other reasonable interpretation of the legislative intent.

Appellant's primary contention is that the statute is arbitrary and discriminatory in violation of the due process clause. We find no reported case that has considered this question. Appellant concedes as much.[2]

### A. The Insufficient Intent Claim

Appellant's due process attack first cites the failure to require specific knowledge that a defendant knew his taker had taken more than $100. Appellant claims this violates the scienter requirement of criminal statutes.

As stated earlier, guilty knowledge is an element of § 2113(c). A recipient must know that the funds or property he receives were taken from a bank or savings and loan association in violation of § 2113(b). The precise question is whether further knowledge must be required of a defendant, namely knowledge that his taker had taken over $100.

An examination of similar federal penal statutes suggests that "full knowledge" is not a requisite for prosecution. 18 U.S.C. § 2315 provides that "Whoever receives * * * any goods * * * of the value of $5,000 or more * * * moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen * * * shall be [punished]." The statute has consistently been interpreted as not requiring knowledge on the part of the recipient that the goods have been in interstate commerce. Pugliano v. United States, (1 Cir. 1965) 348 F.2d 902; United States v. Allegretti, (7 Cir. 1964) 340 F.2d 243, cert. denied 381 U.S. 911, 85 S.Ct. 1531, 14 L.Ed.2d 433 (1965); Corey v. United States, (9 Cir. 1962) 305 F.2d 232, cert. denied 371 U.S. 956, 83 S.Ct. 511, 9 L.Ed.2d 503 (1963); United States v. Cordo, (2 Cir. 1951) 186 F.2d 144, cert. denied Minkoff v. United States, 340 U.S. 952–953, 71 S.Ct. 572, 95 L.Ed. 686 (1951); United States v. Sherman, (2 Cir. 1948) 171 F.2d 619. Additionally the statute does not require that the recipient know that the goods have a value of over $5000.

A similar interpretation has been given to 18 U.S.C. § 2313, the statute punishing knowing receipt of stolen vehicles moving in interstate commerce. Knowledge that the vehicle has crossed a state line need not be shown in order to convict the party knowingly receiving the stolen vehicle. Overton v. United States, (5 Cir. 1968) 405 F.2d 168; Pilgrim v. United States, (5 Cir. 1959) 266 F.2d 486, 488. ("The Dyer Act is violated when one receives a stolen automobile with knowledge of its theft even if he is unaware that it has been transported in interstate commerce."); Brubaker v. United States, (6 Cir. 1950) 183 F.2d 894. Nor need the transporter of a ve-

---

2. Appellant notes the lack of legislative history as evidence supporting his position. We cannot agree with this conclusion.

The crime of receiving stolen bank property was added to the general bank crimes statute in 1940. (Ch. 455, 54 Stat. 695, June 29, 1940). A letter from Attorney General Jackson to Senate Judiciary Chairman Ashurst noted that no statute made it a specific federal crime to receive stolen bank property. At the time, other statutes defined the specific crimes of knowing receipt of stolen interstate property, and of knowing receipt of stolen interstate kidnapping ransom funds. The 1940 statute provided for a 10 year maximum sentence.

The present punishment provision dates from 1948. In that year (ch. 645, 62 Stat. 796, June 25, 1948) the punishment section of 2113(c) was reworded to read "shall be subject to the punishment provided by said subsection (b) for the taker." The revisor's notes read: "Also the provisions of subsection (b) measuring the punishment by the amount involved were extended and made applicable to the receiver as well as the thief. There seems no good reason why the thief of less than $100 should be liable to a maximum of imprisonment for one year and the receiver subject to 10 years." The reference in the last sentence above was to the prior statute. The statute has remained substantially unchanged since 1948.

hicle in violation of the Dyer Act, 18 U.S.C. § 2312, know that he has crossed a state line. Bibbins v. United States, (9 Cir. 1968) 400 F.2d 544.

Cases of incomplete knowledge are not limited to property crimes. 18 U.S.C. § 111 provides penalties for assaulting federal officers in the course of the officers' official duties. Knowledge of an officer's status as a federal employee has been held not to be an element of the offense. United States v. Kartman, (9 Cir. 1969) 417 F.2d 893; Burke v. United States, (5 Cir. 1968) 400 F.2d 866; Pipes v. United States, (5 Cir. 1968) 399 F.2d 471; McEwen v. United States, (9 Cir. 1968) 390 F.2d 47.

Finally the doctrines of federal conspiracy law (18 U.S.C. § 371) make clear that the prosecution need not show that a defendant had full knowledge of all the ramifications of a conspiracy which he knowingly entered. Generally, a co-conspirator is liable for the crimes of his fellows committed in furtherance of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); Wangrow v. United States, (8 Cir. 1968) 399 F.2d 106, cert. denied 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968). The participant need not know the extent of the conspiracy or the other participants. United States v. Battaglia, (7 Cir. 1968) 394 F.2d 304 ("Battaglia had to 'take his chances' as to the methods used by the other co-conspirators." page 311); Hernandez v. United States, (9 Cir. 1962) 300 F.2d 114; Lile v. United States, (9 Cir. 1958) 264 F.2d 278; Leyvas v. United States, (9 Cir. 1958) 264 F.2d 272. Also a conspirator assumes the responsibility for acts occurring before joining the conspiracy even though he is unaware of the acts or the actors. *Hernandez,* supra; *Lile,* supra.

The statutes and cases cited above make clear that due process requirements of scienter are not automatically violated because a certain element of the crime is not known to the defendant. Generally, if guilty knowledge as to the basic crime is shown, the constitutional requirements are satisfied. Having chosen to engage in wrongful conduct, the defendant may not complain that facts out his knowledge brought into play federal penalties or enhanced punishment.

### B. *The Unequal Punishment Claim*

Appellant next claims that § 2113(c) operates to provide differing punishments for similar misdeeds. He elaborates: "It would mean that two persons each of whom are found guilty of receiving less than $100 in violation of subsection (c), would be subject to different maximum punishment terms if one received from a person who took more than $100 in violation of subsection (b) and the other received from one who took less than $100 in violation of subsection (b)." While the argument has a facile attractiveness, closer consideration of its logic convinces one of the validity of § 2113(c) as presently written.

Appellant's complaint is that two persons doing the same act are subject to different penalties because of factors outside their control. A review of the statute sections just considered in the discussion of scienter suggests that this argument is equally applicable to other federal statutes. The knowing buyer of a stolen car or of stolen goods will receive the identical property whether or not the car or goods have been in interstate commerce. Yet this fortuity will determine whether the buyer has committed a federal offense and subjected himself to the significantly different penalties and custody.

The federal conspiracy statute, 18 U.S.C. § 371, provides for felony or misdemeanor punishment, depending on whether the conspiracy was one to commit a felony or a misdemeanor. Two defendants might enter two already-formed conspiracies, each intending only to commit a misdemeanor. Both may receive identical benefits from their participation. Yet one conspiracy may have sought to commit a felony and the other a misdemeanor. Despite the similarity

in intent and personal benefit of the two defendants, the difference in punishment under 18 U.S.C. § 371 will be marked.[3]

We further must consider the heavy burden on appellant to rebut the presumption of constitutionality attaching to a federal statute. Appellant must show that no rational legislative objective is served by the statutory distinction between the two hypothesized recipients of $100 or less. We do not believe that the distinction is totally without a rational legislative purpose.

At least two factors suggest that the distinction is a rational one.

[■■■ (1) One purpose of laws penalizing "receiving stolen property" is to discourage the initial takings. A robber is frequently desirous of ridding himself of the proceeds of the robbery as soon as possible after the crime. Strict penalties for recipients dry up his disposal sources and may make him less likely to undertake the robbery in the first place.

In passing § 2113(b) Congress indicated that a difference existed between major (over $100) and minor ($100 or less) takings. Aside from the greater monetary loss, it is fair to say that the taking of over $100 is likely to involve substantial premeditation, serious danger of violence, and a likelihood of repetition. The minor taking is less likely to involve these elements. Since the willing receiver increases the likelihood of takings, that receiver should be more heavily punished for encouraging the more serious crime. The fact that he has received less than $100 is not relevant to the deterrent purpose of the statute.

(2) The present form of the statute avoids difficult problems of proof. In many cases, a receiver initially may have

had substantially more than $100 in his control. Nevertheless, at the time of his arrest only a small part of the money can be traced to him. He may have quickly passed it on to confederates or unsuspecting parties. Or he may have so commingled it with his own funds that $100 of stolen money can not be identified. Or as in the case at bar, a law enforcement officer may apprehend the guilty parties before a full distribution of the funds has been made to a party clearly connected with the taking but not proven to be an aider or abettor. Appellant's reading of the statute would seriously hamper the effective enforcement of the federal bank robbery laws.

Finally, we would note that § 2113(b) contains no minimum sentence provision. Therefore, it is perfectly possible that the two hypothesized receivers could receive identical misdemeanor sentences if a judge felt that they in fact had been identically culpable. This discretion is vested in the trial judge in view of his opportunity to consider all aspects of the crime and the defendant.

[■■■ Certainly in this case we can not question the decision of the district court to exercise the full penal power of the statute. The record is clear that the appellant had escaped from jail with the robbers. Appellant was aware of the robbery within ten minutes of its occurrence and almost immediately was given some of the loot. He participated in the escape to Tacoma and was apparently with the other escapees for most of the time until the arrest. Only luck or flight resulted in appellant's arrest a block from the other escapees rather than with them in the motel room.

In summary, we find 18 U.S.C. § 2113 (c) is constitutional and that appellant

---

3. Appellant also suggests that the 1948 revisor's note adds substance to his unequal punishment argument. He points to the explanation of the shortcomings of the old statute: "There seems no good reason why the thief of less than $100 should be liable to a maximum of imprisonment for one year and the receiver subject to 10 years," as being of pregnant import in determining legislative intent.

Appellant intimates that this demonstrates an intent to provide a minor penalty for the small (under $100) receiver. An equally valid, if not more valid argument, however, is that the section was intended to make the receiver share the penalty of the taker. Certainly if the revisor had intended to spare the recipient of $100 or less, he could easily have done so.

was properly sentenced according to its provisions

## II. *Other Errors.*

We have examined the other twelve claims of error raised by appellant. All are without substantial merit. Several border on the frivolous. We do not choose to prolong this opinion by rejecting them individually.

The judgment is affirmed.