**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dennis Lee WERTZ, Defendant-
Appellant.**

No. 71-1369.

United States Court of Appeals,
Ninth Circuit.

Aug. 16, 1971.

---

**452**

Frederick Cohn (argued), Joseph T. Garlovsky, Julius Lucius Echeles, Chicago, Ill., for defendant-appellant.

Brian E. Michael, Asst. U. S. Atty. (argued), Harry Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and BARNES, Circuit Judges, and WM. M. BYRNE, Sr., District Judge.*

BARNES, Circuit Judge:

Appellant, convicted of the unlawful smuggling of marijuana into the United States (21 U.S.C. § 176a), urges six errors exist. They are:

(1) Insufficient proof the smuggled substance was marijuana;

(2) Failure of the Court to define marijuana;

(3) Lack of proof the marijuana was not invoiced;

(4) The illegality of the "second" search of the defendant;

(5) The prosecutor's argument that defendant should have submitted himself to cross-examination;

(6) Error in instructions as to the burden of proof on the government.

■ We have no difficulty in finding no error in points one and two because of the stipulation between the parties that the smuggled substance was marijuana; which was the word used in the indictment to charge the defendant with smuggling.

The evidence unquestionably shows the marijuana was not declared or invoiced.

We find that the "second" search of the defendant's person was, on the record now before us, not a border search for contraband (19 U.S.C. § 482), Cf. United States v. Markham, 440 F.2d 1119 (9th Cir. 1971); United States v. Weil, 432 F.2d 1320 (9th Cir. 1971); United States v. Glaziou, 402 F.2d 8, 12–14 (2nd Cir. 1968).

Whether the evidence on a new trial would support a district court decision that it was a border search for contraband, as well as the question arising if it was not, i. e., whether there was probable cause for detention, search and arrest, must await the evidence produced at such subsequent trial hereinafter ordered. We express no opinion on any of such issues.

■ As to the fifth alleged error, we feel that the prosecutor's argument, though possibly capable of an interpretation that made it permissible, is not clearly so. He stated:

> (The codefendant Ashley) "owned up to it (his guilt), and suffered through grueling direct and cross-examination. *I think the defendant should do as well.* That's exactly the point in this trial."

Did the prosecutor mean the defendant should have plead guilty, or that the defendant should have "suffered through a grueling direct and cross-examination" by taking the stand on his own behalf? No grueling cross-examination was in prospect were the defendant to plead guilty. At best, the language was capable of conflicting interpretations, each reasonable.

---

* The Honorable Wm. M. Byrne, Sr., United States Distric tCourt Judge, Central District of California, sitting by designation.

Further, the sixth alleged error, though *perhaps* cured, was truly erroneous. The jury was at one place instructed they should consider circumstantial evidence under the civil case rule of "the preponderance of all the evidence in the case"—not the "beyond a reasonable doubt" rule.

We note that no objection was made at any time to this instruction. Perhaps this was an intentional act by defense counsel, as trial strategy—perhaps not. Were it the only error in the record, we might well have found it not reversible error, because of the lack of any objection, and the lack of any proffered proper instruction on the burden of proof by defense counsel.

In view of the above, we reverse the defendant Wertz's conviction, and remand to the trial court for another trial.