UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Lee MITCHELL, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

William Charles STROHMEIR, Defendant-Appellant.

Nos. 72–1233, 72–1234.

United States Court of Appeals, Ninth Circuit.

June 15, 1972.

Philip A. DeMassa, William J. Zumwalt, San Diego, Cal., for defendants-appellants.

Harry D. Steward, U. S. Atty., Thomas M. Coffin, Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

Robert Lee Mitchell and William Charles Strohmeir appeal from their respective convictions for conspiring to steal government property (two M–14 rifles), valued in excess of $100 in violation of 18 U.S.C. §§ 371 and 641;[1] and of assault with intent to commit a felony (the theft of the rifles), in violation of 18 U.S.C. § 113(b). We affirm.

The principal error complained of concerns the manner in which the trial court instructed the jury on the question of value. During the trial, all parties stipulated as to value and the stipulation was read to the jury.

"[I]t has been stipulated that the purchase price of the two M–14 rifles —Government's Exhibits 5-A and 6-A —is in excess of $100 per each rifle. It has also been stipulated, your Honor, that the current purchase price of an M-14 rifle is in excess of $100.

"[The Court]: Replacement price?

"[Mr. Coffin]: Yes, your Honor, each rifle."

[1]. 18 U.S.C. § 371 provides in pertinent part:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

18 U.S.C. § 641 provides in pertinent part:

"Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof;

\*　　\*　\*　　\*　　\*

"Shall be fined not more than $10,-000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater. June 25, 1948, c. 645, 62 Stat. 725."

One of the defendants testified he was to be paid $50 for his guns, and another witness testified that M–14 rifles were given to popular forces in Vietnam.

The court gave an instruction requested by the defendants which told the jury that if it found that the total value of the two rifles did not exceed $100 then it must find the defendants not guilty. Later, however, the court recalled the jury and said it had given an instruction which was not a proper statement of the law. He continued:

"[I] now instruct you that you must find the defendants either guilty of the offenses, as charged, or not guilty; that the evidence is shown by way of stipulation that the cost to the Government of the rifles involved was more than $100, so that there is no lesser offense. Either the defendants must be found guilty of the offenses, or not guilty of the offenses charged."

Thereafter a verdict of guilty was returned.

Appellants misread their stipulation. It states that the purchase price of the *particular* rifles in evidence, Exhibits 5–A and 6–A, *is* in excess of $100 per each rifle. As such it is conclusive on the question of value. H. Hackfeld & Co. v. United States, 197 U.S. 442, 447, 25 S.Ct. 456, 49 L.Ed. 826 (1905); United States v. Wertz, 447 F.2d 451, 452 (9th Cir. 1971); United States v. 3,788.-16 Acres of Land, 439 F.2d 291, 294 (8th Cir. 1971). The authorities relied upon by appellants are clearly distinguishable and are neither conclusive nor persuasive.

The other issue raised is that the court should have instructed on the necessity of intent to steal goods having a value in excess of $100. No such instruction was proposed or requested. On the facts of this case it would not have been appropriate. *See* United States v. Bolin, 423 F.2d 834, 836–837 (9th Cir.), cert. denied, 398 U.S. 954,

90 S.Ct. 1882, 26 L.Ed.2d 297 (1970); *cf.* Magnolia Motor & Logging Co. v. United States, 264 F.2d 950, 953 (9th Cir.), cert. denied, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 61 (1959).

The judgments are affirmed.