UNITED STATES of America, Appellee,

v.

Howard WRIGHT, Appellant.

No. 75–2002.

United States Court of Appeals,
Fourth Circuit.

Argued April 2, 1976.

Decided Sept. 17, 1976.

C. Robert Faucette (Quinn & Faucette, Columbia, S.C., on brief), for appellant.

Thomas P. Simpson, Asst. U. S. Atty., Columbia, S.C. (Mark W. Buyck, Jr., U. S. Atty., Columbia, S.C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

One who knowingly receives money stolen from a bank is a felon or a misdemeanant, depending upon whether more than $100 was involved. More than $15,000 was stolen from the bank, but Wright contends he was improperly convicted and sentenced as a felon since there was a failure of proof that the money he received was more than $100. We reject the contention and affirm the judgment, for, as we construe the statute, the monetary requirement is satisfied by proof of the amount taken from the bank.

Wright was more than a passive receiver. One of the automobiles used by the robbers was his, and the robbers came to his house immediately after the bank had been robbed. There he assisted in washing red dye from the money.

There was proof that Wright had been promised $800 for his participation, but there was no proof of the actual amount that he received. We accept, therefore, his position that there was a failure of proof that he received more than $100. That question is beside the point, however, for under our construction of the statute, the distinction between felony and misdemeanor depends upon the amount stolen from the bank.

By 18 U.S.C.A. § 2113(b) one who steals more than $100 from a bank commits a felony, while one who steals $100 or less commits a misdemeanor. Subsection (c) reaches the receiver in the following language:

> (c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any property or money or other thing of value knowing the same to have been taken from a bank, credit union, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.

Wright contends that subjection of the receiver to the "punishment provided * * for the taker" introduces the same distinction between receivers so that one who receives $100 or less is only a misdemeanant,

but a literal reading of the statute would make one who knowingly receives money stolen from the bank guilty of the same offense of which the taker was guilty.

Our literal reading of the language of subsection (c) finds support in the legislative history.

As initially enacted in 1934,[1] the only proscription was of robbery. In 1937 it was enlarged to include the offenses of larceny and burglary.[2] The statute was again amended in 1940, this time to reach receivers of money or property knowing it to have been taken from a bank in violation of the statute.[3] As amended in 1940, regardless of the amount of money involved, the receiver was subject to imprisonment for a term up to ten years and for a fine of up to $5,000, or both.[4]

As amended in 1940, the statute was incongruous. One who unlawfully took $100 or less from a bank was only a misdemeanant, but one who knowingly received the money from him was subject to imprisonment for not more than ten years. It was this circumstance which led to the further amendment of 1948[5] which altered the receiver provision to read as it now does. That this was the purpose of the 1948 amendment is clearly indicated by the reviser's note:

Also the provisions of subsection (b) measuring the punishment by the amount involved were extended and made applicable to the receiver as well as the thief. There seems no good reason why the thief of less than $100 should be liable to a maximum of imprisonment for one year and the receiver subject to [ten] years. [Historical & Revision Notes, following 18 U.S.C.A. § 2113].

Since the congressional purpose was to subject the receiver to the same punishment to which the taker was subject, our literal reading of the language fully accords with the congressional intention. Moreover, there is a very practical reason for this scheme of things. Proof of the amount taken from the bank is readily available, but proof of its division among primary and secondary participants may be impossible to obtain. As here, just how much Wright got is probably unknown and unknowable by the prosecution unless the robbers themselves agree to testify against the secondary participants and receivers. It was wholly rational, therefore, for the Congress to amend the statute to subject the receiver to no greater punishment than the taker but to just as much, subject, of course, to the discretion of the sentencing judge to impose lighter sentences in cases of lesser culpability.

We find only two cases in which this question has been considered. In *United States v. Evans,* 8 Cir., 446 F.2d 998, the statute was construed as Wright would have us construe it, but in *United States v. Bolin,* 9 Cir., 423 F.2d 834, the statute was given the reading we give it. The reading of the court in *Bolin* commends itself to us, and finding that reading entirely agreeable with the congressional purpose, we conclude that Wright was properly convicted and sentenced as a felon.

*AFFIRMED.*

WINTER, Circuit Judge (dissenting):

I respectfully dissent.

Of the two circuits which have decided the question which this appeal presents, I find *United States v. Evans,* 446 F.2d 998 (8 Cir. 1971), the more persuasive authority

1. Act of May 18, 1934, Chapter 304, Section 2, 48 Stat. 783.

2. Act of August 24, 1937, Chapter 747, 50 Stat. 749.

3. Act of June 29, 1940, Chapter 455, 54 Stat. 695.

4. The 1940 amendment introduced the following language: "Whoever shall receive, possess, conceal, store, barter, sell or dispose of any property or money or other thing of value knowing the same to have been taken from a bank in violation of subsection (a) of this section shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

5. Act of June 25, 1948, Chapter 645, 62 Stat. 796.

and I would follow it.* In accordance with the principle that the punishment should fit the crime, and since proof of knowledge of the amount stolen is not an element of the crime of knowing receipt of money or property stolen from a bank under 18 U.S.C. § 2113(c), I think that the range of penalties which may be imposed upon a convicted receiver should depend upon the sum he receives and not the amount stolen from the bank.

I would, therefore, vacate the sentence and remand the case for the defendant to be resentenced to pay a fine of not more than $1,000 or imprisoned not more than one year, or both.

---

* The *Evans* court considered and rejected *United States v. Bolin*, 423 F.2d 834 (9 Cir.), cert. denied, 398 U.S. 954, 90 S.Ct. 1882, 26 L.Ed.2d 297 (1970), on which the majority in the instant case relies.