**UNITED STATES of America**

v.

**James McKENZIE, III, a/k/a "Bubby".**

**Crim. No. 77-276.**

United States District Court, E. D. Pennsylvania.

Nov. 25, 1977.

James M. Coleman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas A. Bergstrom, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

James McKenzie, III, was scheduled for trial October 3, 1977, on Counts V and VI of a six count indictment, No. 77–276, charging him with involvement in a bank robbery of the Newtown Savings Association in Bucks County, Pa., on June 7, 1977. On the date the trial was scheduled to begin, defendant waived his right to a jury trial. The issue of his guilt or innocence as to Count V of the indictment, charging a violation of 18 U.S.C. § 2113(c), was submitted to us on the following stipulated set of facts:

1. On June 7, 1977, one Rory McCafferty, (who previously had entered a guilty plea to Counts I through IV of the same indictment and was sentenced by the Court on September 9, 1977), robbed the Newtown Savings Association, Route 532, Washington Crossing, Pa., of $8,407.00.

2. The Newtown Savings Association was and is insured by the Federal Deposit Insurance Corporation, Certificate No. 4548.

3. After robbing the Newtown Savings Association, McCafferty went to a car driven by defendant McKenzie, and gave him fifty dollars.

4. McKenzie knew that the fifty dollars he received had been taken from the bank; he also knew that a sum in excess of one hundred dollars had been taken from the bank, although he did not know the precise figure.

5. McCafferty retained the rest of the proceeds of the robbery.

6. McKenzie was thereafter arrested by Newtown Township Policemen. At the time of arrest he had in his possession the sum of fifty dollars, which was later determined to be the "bait" money surrendered during the bank robbery.[1]

After consideration of these stipulated facts, we found defendant guilty as charged in Count V of the indictment.[2]

The legal issue raised by defendant is whether under 18 U.S.C. § 2113(b) he is to be sentenced as a felon or a misdemeanant in light of the fact that the amount of stolen bank funds he received did not exceed one hundred dollars. There is a split among the three Circuit Courts (4th, 8th and 9th), which have decided this issue; we are not aware of any decision by any court in this circuit. We hold under the circumstances of this case, however, that defendant should be sentenced under the felony provisions of 18 U.S.C. § 2113(b). Our reasons follow.

Subsection (c) of 18 U.S.C. § 2113 provides that:

"Whoever receives, possesses, . . . or disposes of, any property or money . . . knowing the same to have been taken from a bank . . . in violation of subsection (b) . . . shall be subject to the same punishment provided by said subsection (b) for the taker."

Subsection (b) prescribes (with respect to the value of the thing, or the amount of money taken from the bank) whether a guilty defendant is to be *sentenced as a felon, (more than one hundred dollars taken) or as a misdemeanant (one hundred dollars or less taken)*. It was stipulated (a) that more than one hundred dollars was taken from the bank, (b) that defendant knew more than one hundred dollars was taken from the bank, (although not the exact amount), and (c) that the defendant received fifty dollars, which he knew was taken from the bank. *Thus, the question we must resolve is whether the felony or misdemeanor distinction under subsection (b) turns upon the amount taken from the*

---

1. The stipulated facts are taken from the Notes of Testimony of the hearing on October 3, 1977, pp. 13–21.

2. Although the defendant was also charged in Count VI of indictment no. 77–276, that count was dismissed with prejudice by agreement of the parties after a finding of guilt as to Count V of that indictment. We entered our finding on October 3, 1977.

*bank, or the amount a defendant actually receives.*

Three Circuit Courts, as noted, have decided this precise issue; two have held that the amount taken from the bank controls; the third, (although affirming defendant's conviction and sentence as a felon on the basis of factual finding by the jury), adopted the view that resolution of this issue is controlled by the amount actually received by a defendant, irrespective of the amount taken from the bank.

In *United States v. Wright,* 540 F.2d 1247 (4th Cir. 1976), the defendant was convicted and sentenced as a felon for receiving money stolen from a bank. Although more than one hundred dollars was taken from the bank, the Government failed to prove that the defendant actually received more than that sum. Defendant contended that the distinction contained in 18 U.S.C. § 2113(b) as to the punishment provided for the person who actually takes the money was applicable to the receiver as well. The Fourth Circuit rejected this contention, and affirmed the felony conviction and sentence; in so holding it stated:

> [T]he distinction between felony and misdemeanor depends upon the amount stolen from the bank.

540 F.2d at 1247.

The court went on to note that the Congressional purpose of the statute, as amended in 1948, was to subject the receiver of money stolen from a bank to the same punishment to which the taker was subject:

> That this was the purpose of the 1948 amendment is clearly indicated by the revisor's note:
>
> > Also the provisions of subsection (b) measuring the punishment by the amount involved were extended and made applicable to the receiver as well as the thief. There seems no good reason why the thief of less than $100 should be liable to a maximum of imprisonment for one year and the receiver subject to [ten] years. [Historical & Revision Notes, following 18 U.S.C.A. § 2113].

540 F.2d at 1248.

Similarly, in *United States v. Bolin,* 423 F.2d 834 (9th Cir. 1970), *cert. denied,* 398 U.S. 954, 90 S.Ct. 1882, 26 L.Ed.2d 297 (1970), upon which the *Wright* court relied, the Ninth Circuit affirmed the trial court's conviction and sentence of the defendant as a felon, although at the time of his arrest, he had in his possession only $65.60 of the $1356.00 stolen from the bank. After noting the felony/misdemeanor distinction of 18 U.S.C. § 2113(b), the court said the following:

> Since the willing receiver increases the likelihood of [dangerous, premeditated and repeated] takings, that receiver should be more heavily punished for encouraging the serious crime. The fact that he has received less than $100 is not relevant to the deterrent purpose of the statute. 423 F.2d at 838.

*Cf., United States v. Gardner,* 516 F.2d 334, 349 (7th Cir. 1975); *United States v. McClain,* 545 F.2d 988, 994 (5th Cir. 1977); *Campbell v. United States,* 420 F.2d 963, 964 (5th Cir. 1970). The force of this construction is compelling. As stated in *Bolin, supra,* at 838, n. 3:

> Certainly, if the revisor [referring to the 1948 amendment to 18 U.S.C. § 2113] had intended to spare the recipient of $100 or less, he could easily have done so.

The *Bolin* court went on to comment on the practical reasons for construing 18 U.S.C. § 2113(c) according to the amount taken from the bank, rather than the amount received:

> The present form of the statute avoids difficult problems of proof. In many cases, a receiver initially may have had substantially more than $100 in his control. Nevertheless, at the time of his arrest only a small part of the money can be traced to him. He may have quickly passed it on to confederates or unsuspecting parties. Or he may have so commingled it with his own funds that $100 of stolen money cannot be identified.
>
> \*   \*   \*   \*   \*   \*
>
> Appellant's reading of the statute would seriously hamper the effective enforcement of the federal bank robbery laws.

*Id.* at 838.

Moreover, as Judge Haynsworth reiterated in *Wright, supra,* at 1248:

> Proof of the amount taken from the bank is readily available but proof of its division among primary and secondary participants may be impossible to obtain.

Although practical considerations relating to problems of proof are important, see *Bolin, supra,* at 838, our decision is rooted in our interpretation of Congress' intent to blockade the avenues of distribution of the stolen loot.

■ The crime of receiving property stolen from a bank was originally added to the criminal code in 1940. In 1948, the punishment section of § 2113(c) was revised to provide punishment for the receiver equal to that received by the taker. The thrust of the Amendment of 1948 is clear. This legislation was designed to subject the voluntary and intentional receiver of stolen bank property to the same punishment as the taker. We agree with the pertinent observation in *Bolin* that "... if the revisor had intended to spare the recipient of $100 or less, he could easily have done so." *Bolin, supra,* at 838 n. 3. Thus we reject *United States v. Evans,* 446 F.2d 998 (8th Cir. 1971),[3] and follow the *Wright* and *Bolin* decisions in construing 18 U.S.C. § 2113(c).[4]

■ Accordingly, defendant shall be sentenced under the felony provisions of 18 U.S.C. § 2113(b). An appropriate order will be entered.

---

**3.** In so holding, we have carefully considered the decision of *United States v. Evans,* 446 F.2d 998 (8th Cir. 1971), which is directly contrary to the *Wright* and *Bolin* decisions. We decline to follow the reasoning of that court.

Evans was convicted of possession of a stolen money order having a value of more than one hundred dollars, and was sentenced to six years imprisonment, pursuant to 18 U.S.C. § 2113(b) and (c). Evans contended that he should not have been convicted of a felony because, at the time of the taking, the single money order did not have a value in excess of one hundred dollars, but only the nominal value of fifteen cents, the price of the blank money order. The jury, however, rejected this contention because the sum of one hundred and fifty dollars ($150) had been filled in and received by Evans. Thus, the trial court sentenced Evans as a felon. The conviction was affirmed. The Court of Appeals, however, went on to state the following, by way of dictum:

> Moreover, in order to reach the conclusion that the act of the taker determines the receiver's penalty, the phrase "for the taker" must be read "for the taker [of such bank property]." We do not think that this is what Congress meant. Rather, we believe that Congress used the word "taker" in the general sense, not referring to the actual taker, but to a hypothetical one.
>
> In using the phrase "for the taker" in its hypothetical sense, Congress intended to incorporate the penalty provisions of subsection (b) into subsection (c). Thus, to determine a receiver's penalty, focus must be placed upon the penalty to which the taker would be subject for taking the amount received, not upon the amount taken by the taker.

446 F.2d at 1001.

**4.** Defendant also urges that footnote 15 in *United States v. Gaddis,* 424 U.S. 544, 550, 96 S.Ct. 1023, 1027, 47 L.Ed.2d 222 (1976), is particularly supportive of his argument. That note does no more than reiterate that one may "not be convicted and separately sentenced under 18 U.S.C. § 2113(a), (b), or (d) and under § 2113(c) because § 2113(c) could not be used to 'pyramid penalties'." (citation omitted)