[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2002
THOMAS K. KAHN
CLERK

No. 01-13813
Non-Argument Calendar

_____

D.C. Docket No. 99-00405-CR-1-1-JOF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEANDRE DRE ROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(March 29, 2002)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

On March 30, 1998, Gregory Johnson robbed NationsBank in Decatur,

Georgia, of $3060, and, on exiting the bank, entered a taxicab that was standing by,

waiting for him. Appellant was behind the wheel. As Johnson got into the cab, witnesses saw a dye pack explode, recorded the cab's license number, and called the police. The police identified appellant as the cab driver, and notified the FBI. Soon thereafter, FBI agents located appellant at his home, arrested him, and, in a search incident to the arrest, found $450 hidden in one of his shoes. He told the agents that Johnson had given him $500 of the robbery proceeds – the $450 hidden in his shoe plus $50 he had spent to rid his cab of the dye stains.

On April 3, 2001, following the return of a four-count superseding indictment, appellant pled guilty to Count Four which charged him with receiving bank robbery proceeds in the sum of "approximately $500," in violation of 18 U.S.C. § 2113(c).[1] The court accepted his plea after advising him that because the proceeds of the bank robbery exceeded the sum of $1000, specifically $3060, he was pleading guilty to a felony and, under 18 U.S.C. § 2113(b), faced a maximum prison sentence of ten years.

On June 22, appellant appeared before the court for sentencing. He objected to being sentenced as a felon on two grounds. First, he had pled guilty to a misdemeanor, not a felony, because Count Four alleged that he had "received" less

---

[1] On May 17, 2000, pursuant to Fed. R. Crim. P. 20, Johnson pled guilty in the Middle District of Tennessee to two counts of the original indictment.

than $1000 of the robbery proceeds. (In other words, the fact that Johnson had "taken" well over $1000 from the bank was immaterial.) Second, in derogation of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), Count Four failed to allege, as an element of his offense, that he could be sentenced up to the maximum penalty provided by § 2113(b), ten years' imprisonment. The district court overruled the objection and sentenced appellant to a prison term of twelve months, to be followed by a three-year term of supervised release. Appellant now appeals his sentence.

Section 2113(b) states, in relevant part:

> Whoever takes and carries away, with intent to steal . . . any . . . money . . . exceeding $1,000 . . . in the . . . possession of any bank . . . shall be fined . . . or imprisoned not more than ten years, or both.

Section 2113(c) states, in relevant part:

> Whoever receives . . . any . . . money . . . which has been taken or stolen from a bank . . . in violation of [§] 2113(b), knowing the same to [have been stolen] shall be subject to the punishment provided in [§ 2113(b)] for the taker.

In Campbell v. United States, 420 F.2d 963 (5th Cir. 1970), our predecessor circuit rejected the argument appellant presented to the district court and raises here: that his sentence should be driven by the amount of the robbery proceeds he

3

actually received rather than the amount stolen from the bank.[2]  The court held that

a person convicted under § 2113(c) for possession of money stolen from a bank

faces the same penalty as the person who stole the money.[3]  Other circuits have

reached the same conclusion.  For example, in interpreting § 2113(c), the Ninth

Circuit stated that "the proscriptions of the statute are quite clear.  Congress

intended to punish knowing receivers of stolen bank property.  The punishment

meted out to the recipient is governed by the amount stolen by the taker."  United

States v. Bolin, 423 F.2d 834, 835 (9th Cir. 1970), cert. denied, 398 U.S. 954

(1970).[4]  Accord United States v. Wright, 540 F.2d 1247, 1247-48 (4th Cir. 1976),

cert. denied, 429 U.S. 1046 (1977).  But see United States v. Evans, 446 F.2d 998

(8th Cir. 1971), cert. denied, 404 U.S. 1021 (1972).

In light of our holding that appellant's plea subjected him to the same

maximum statutory penalty – a prison sentence of ten years – as Johnson, the

---

[2]  Decisions of the former Fifth Circuit handed down prior to 1981 are binding precedent. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3]  Campbell was a collateral attack proceeding under 28 U.S.C. § 2255, whereas the instant case is the prosecution itself.  This difference is of no moment, however; the Campbell court was faced with the question raised here – whether the receiver is subject to the same punishment as the taker.

[4] Although § 2113 has undergone some changes since Bolin came down, the language of § 2113(c), that the receiver of the stolen money "shall be subject to the punishment provided in subsection (b) [of § 2113] for the taker," has remained the same.  18 U.S.C. § 2113, Amendments. All other changes to § 2113 (b) and (c) were minor and merely altered amounts and the types of financial institutions covered. Id.

"taker," faced, <u>Apprendi</u>'s holding is simply not implicated; that is, unlike the defendant in <u>Apprendi</u>, appellant neither received nor faced an enhanced penalty.

AFFIRMED.