UNITED STATES of America,
Plaintiff,

v.

James F. KRAASE, Defendant.

No. 71–CR–176.

United States District Court,
E. D. Wisconsin.

Jan. 25, 1972.

Shellow & Shellow, by Stephen M. Glynn, Milwaukee, Wis., for defendant.

David J. Cannon, U. S. Atty., by Steven C. Underwood, Milwaukee, for plaintiff.

DECISION and ORDER

MYRON L. GORDON, District Judge.

Mr. Kraase has submitted four motions to dismiss the indictment which charges that on or about July 27, 1971, without being properly licensed, Mr. Kraase wilfully and knowingly sold a certain firearm to another unlicensed

**148**

person who Mr. Kraase "had reasonable cause to believe, resided in a State other than the State of Wisconsin . . . ." The indictment further states that this is in violation of 18 U.S.C. §§ 922(a) (5) and 924(a).

The first motion to dismiss asserts that § 922 violates the defendant's rights under the second amendment of the United States Constitution. The next motion to dismiss urges that § 922(a) (5) is vague and fails to define or give notice to the defendant of the standard of conduct prohibited. In his third motion to dismiss, the defendant contends that "the subjective belief of a defendant that a prospective purchaser resides outside of the State in which the sale is made cannot be made the predicate for a Federal offense unless the prospective purchaser in fact is a resident of another State." The fourth motion to dismiss charges that "the operative element of the offense defined by Section 922(a) (5) of the United States Code is the residence of the prospective purchaser of the firearm and that this residence is not relevant to the Congressional findings upon which the statute is based, nor relevant to the purposes sought to be achieved by the enactment of the statute."

In my opinion, there is no merit in the contention that the defendant's second amendment rights are violated by the statute in question. United States v. Synnes, 438 F.2d 764 (8th Cir. 1971). Second amendment protection to Mr. Kraase might arise if proof were offered at the trial demonstrating that his possession of the weapon in question had a reasonable relationship to the maintenance of the "well-regulated Militia."

I find nothing vague or indefinite about the language of the statute in question and must reject this basis as a ground for dismissal. United States v. Lauchli, 371 F.2d 303 (7th Cir. 1966). Cf. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

The third and fourth motions for dismissal relate to the residence of the prospective purchaser. Under the language of § 922(a) (5), it is not significant whether a transferee in fact is a non-resident; the statute merely requires that the transfer be made to a person who the defendant believes to be a non-resident. In my judgment, this requirement is clearly set forth in the statute and, further, such statute is not unconstitutional. There is no valid reason why Congress should be foreclosed from setting the foregoing standard as the requisite intent for this crime. See, for example, United States v. Bolin, 423 F.2d 834 (9th Cir. 1970).

Now, therefore, it is ordered that the defendant's motions to dismiss be and hereby are denied.