**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Bennie Sherman REDUS, Defendant-Appellee.**

**No. 72-1635.**

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1972.

James A. Bruen, Asst. U. S. Atty. (argued), John F. Cooney, Jr., F. Steele Langford, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellant.

John C. Fell (argued), San Jose, Cal., for defendant-appellee.

Before CARTER and GOODWIN, Circuit Judges, and BATTIN,* District Judge.

BATTIN, District Judge:

The appellee, Bennie Sherman Redus, was indicted by a federal grand jury in the Northern District of California.

The indictment, in one count, charged the violation of 18 U.S.C. § 922(a)(1), unlawful dealing in firearms and ammunition. The indictment is presented in the margin.[1]

On January 26, 1972, the indictment was dismissed on motion of defendant's counsel. The Government appeals the dismissal of the indictment. Jurisdiction for the appeal is found in 18 U.S.C. § 3731. There are no factual issues involved in this case. No evidentiary hearing was held by the court, and the appeal is concerned solely with the question of law.

In his oral decision granting dismissal, Judge Robert F. Peckham noted that the Government had not alleged that the activity of the defendant ". . . had anything to do with interstate or foreign commerce."[2] The court relied on United States v. Bass,[3] 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), in which the Supreme Court of the United States held that 18 U.S.C.App. § 1202(a)(1) required as an element of the crime charge and proof of an interstate commerce nexus.

We find that the reliance of the lower court on *Bass* was misplaced, that the rationale of the *Bass* decision applied here indicates that this indictment is

---

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

1. "The Grand Jury charges: THAT
  "From or about May 22, 1970, to and including on or about October 7, 1970, in the City of San Jose, County of Santa Clara, State and Northern District of California,
  BENNIE SHERMAN REDUS
  defendant herein, did engage in and carry on the business of a dealer in firearms and ammunition at 2987 Ocala Court in the City of San Jose (and in the course of such business did ship, transport, and receive firearms and ammunition) without having first made application for and having received a license as a dealer in firearms and ammunition pursuant to the provisions of Section 923, Title 18 United States Code."

2. "THE COURT: Right. Now, the government in this case, the case now be-

fore the Court, has charged this defendant with engaging in the business of dealing in firearms or ammunition not as a licensed dealer, and has not alleged that this alleged activity had anything to do with interstate or foreign commerce. And it is the government's position that it doesn't have to either plead or prove that element." Reporter's Transcript, page 9, line 1 and following.

3. "Now, the Court is persuaded that it is quite clear from United States v. Bass, the Supreme Court decision that has just been handed down that the same logic, the same reasoning, applies to this section of Title 4 with which we are concerned here [922(a)(6)], as it did with the other section of Title 7 of the Omnibus Crime Control and Safe Streets Act; and that the Court is compelled to grant the motion to dismiss the indictment." Reporter's Transcript, page 9, line 9 and following.

sufficient in charging a violation of Section 922(a)(1), and therefore reverse the lower court's dismissal of the indictment.

The *Bass* decision is not dispositive here. Not only is a different section of the Omnibus Crime Control Act involved here, the application of the rationale employed by the Supreme Court in reaching its conclusions as to the elements of the offense defined in Section 1202 (a)(1) leads to a contrary conclusion as to the elements of the offense defined in Section 922(a)(1).

In *Bass, supra,* the Supreme Court construed the "in commerce or affecting commerce" clause in Section 1202 (a)(1).[4] The Court found that the phrase "in commerce" modified all three antecedents—"receives, possesses, or transports"—and not solely the last antecedent, "transports", thus holding that an "interstate commerce" nexus was an element of all the offenses defined in Section 1202(a)(1). *Bass, supra* at 347, 92 S.Ct. 515, 30 L.Ed.2d 488; United States v. Korn, 460 F.2d 153, 155 (2 Cir. 1972).

The Supreme Court's decision was based on two principles: (1) The section failed to notify an accused of what conduct it prohibited because it was ambiguous; and (2) the Court could not adopt a broader reading which would include control of purely intrastate conduct—receiving and possessing—absent clear legislative direction because the statute "would mark a major inroad into a domain traditionally left to the States." *Bass, supra* 404 U.S. at 339, 92 S.Ct. at 518.

The Second Circuit Court of Appeals, which has faced the issue raised here, likewise found *Bass* inapplicable. In United States v. Korn, *supra,* the Second

Circuit held that the short-comings of Section 1202(a)(1) which led the Supreme Court to its decision in *Bass* are not present in Section 922(a)(1). The absence of those defects directed the Second Circuit to conclude that an allegation of violation of Section 922(a)(1) did not require an inclusion of a claim that the violation was in or affecting commerce. This court agrees.

The statute before the court, unlike the one considered in *Bass,* is unambiguous. 18 U.S.C. § 922(a)(1) provides in pertinent part:

"§ 922.   Unlawful acts

"(a) It shall be unlawful—

(1) for any person, except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms or ammunition, or in the course of such business to ship, transport or receive any firearm or ammunition in interstate or foreign commerce;
.  .  ."

The manner in which Congress worded and punctuated Section 922(a)(1) supports this court's conclusion that the statute is clear on its face. It clearly proscribes two classes of conduct. The "in interstate or foreign commerce" requirement, the stumbling block in *Bass,* is an element only of one of the offenses defined: The shipping, transporting or receiving of firearms or ammunition in the course of business. The other prohibited activity, the importing, manufacturing or dealing in firearms or ammunition without a license, does not require an interstate commerce nexus.

"It is impossible to read the statute except as demonstrating that Congress intended to make unlawful unlicensed

---

4.   18 U.S.C.App. § 1202(a)(1) provides in pertinent part:

"(a) Any person who—

(1) has been convicted by a court of the United States or any State or any political subdivision thereof of a felony,
.  .  .

\*     \*     \*     \*     \*

and who receives, possesses, or transports in commerce or affecting commerce,  .  .  ., any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

dealing in firearms whether interstate or intrastate. See Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971)."

*Korn, supra*, 460 F.2d at 156.

Only a violation of the latter prohibition is charged by the indictment here in question. Therefore, the indictment is sufficient in that it alleges the elements of the offense charged in a manner which adequately apprises the defendant. Stapleton v. United States, 260 F. 2d 415, 17 Alaska 713 (9th Cir. 1958).

Although the foregoing is sufficient to dispose of the question raised on appeal, the court notes the legislative history of the section in question. That part of the rationale of *Bass*, the absence of clear legislative direction as to the scope of Section 1202(a)(1), is not applicable here. Section 922(a)(1) is not afflicted with a similar void. The legislative history of that section makes it clear that Congress intended to prohibit both interstate and intrastate unlicensed dealing in firearms.

"The existing Federal controls over interstate and foreign commerce in firearms are not sufficient to enable the States to effectively cope with the firearms traffic within their own borders through the exercise of their police power. Only through adequate Federal control over interstate and foreign commerce in firearms, *and over all persons* engaging in the business of importing, manufacturing, or dealing in firearms, can this problem be dealt with. . . ." [Emphasis added.]

S.R. 1097, 90th Congr., 2d Session (1968), 2 U.S.Code Cong. and Admin. News, p. 2114.

"The prohibition [of Section 922 (a)(1)] goes to both an unlicensed person engaging in firearms business and such a person who, in the course of that business, ships, transports, or receives, a firearm or ammunition in interstate or foreign commerce. Thus *the [section] makes it clear that a license is required for an intrastate business* as well as an interstate business." [Emphasis added.]

S.R. 1097, 90th Congr., 2d Session (1968), 2 U.S.Code Cong. and Admin. News, p. 2202.

The House Report reflects a similar understanding of the prohibitions of the Act:

"This paragraph. proscribes any person from engaging in the business of importing, manufacturing, or dealing in firearms or ammunition without a license. The prohibition goes to both an unlicensed person engaging in a firearms business and such a person who, in the course of that business, ships, transports, or receives, a firearm or ammunition in interstate or foreign commerce. Thus, the paragraph makes it clear that a license is required for an intrastate business as well as an interstate business. * * * "

H.R.R. 1577, 90th Congr., 2d Session (1968), 3 U.S.Code Cong. and Admin. News, p. 4418.

This court, finding present in the statute in question those elements which were absent from the statute questioned in *Bass*, is convinced of the clarity of Section 922(a)(1) as well as of the legislative intent. These findings require reversal of the lower court's dismissal of the indictment in this case. The case is remanded to the lower court for proceedings not inconsistent with this opinion.