**UNITED STATES of America, Appellee,**

v.

**Vincent COLICCHIO, Appellant.**

**No. 71–1882.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 13, 1972.

Decided Dec. 14, 1972.

William S. Little, Baltimore, Md. (Court-appointed), for appellant.

Herbert Better, Asst. U. S. Atty. (George Beall, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

Vincent Colicchio, Jr., was tried by a jury and was convicted of violations of 18 U.S.C. §§ 371 (conspiracy), 922(a)(1) (engaging in the business of selling firearms without a license), 922(a)(5) (selling firearms without a license), and 18 U.S.C. App. 1202(a) (possession of a firearm by a convicted felon). He was sentenced to three years' imprisonment.

We must reverse Colicchio's convictions under § 1202(a), and remand that part of the case, for the reasons set forth below. The rest of the convictions are affirmed.

I

Colicchio and Jack Nick Oprean sold several weapons, including an M–1 rifle, a 12 gauge shotgun and a .22 caliber weapon (it is not clear whether that weapon was a rifle or a handgun), to Robert M. Griffith, an undercover agent for the United States Treasury Department. Both Colicchio and Griffith were Maryland residents and the sales took place in Maryland.

During the course of their negotiations Griffith had told Colicchio that he was a resident of Virginia, and the car Griffith drove to their meetings bore Virginia license plates.

The most significant legal issue in this case, and the most interesting one as well, is the validity of Colicchio's conviction under § 922(a)(5). The language of that section states in pertinent part that:

(a) It shall be unlawful—(5) for any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor

knows or has reasonable cause to believe resides in any State other than that in which the transferor resides. * * *

 Griffith, the transferee of the weapons, was not a resident of a state "other than that in which the transferor resides." Both he and Colicchio were Maryland residents. Since Colicchio had "reasonable cause to believe" that Griffith lived in Virginia, a plain reading of the statute brings Colicchio's sales within its provisions. The sole question for us is whether Congress may make this intrastate transaction a federal crime merely because the transferor believed he was engaging in an interstate sale.

We find no constitutional bar to enforcement of this statute and we apply the statute's provisions to cover Colicchio's sales to Griffith, thus affirming the conviction.

Congress, it has been decided, may enact criminal statutes, regulating intrastate activities, if those activities are of a category which affect interstate commerce. Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed. 686 (1971). The purpose of the Gun Control Act of 1968, of which § 922(a)(5) is a part, was " * * * to strengthen Federal controls over interstate * * * commerce in firearms and to assist the States effectively to regulate firearms traffic within their borders." House Report No. 1577 to H.R. 17735 (P.L. 90–618), U.S. Code Cong. & Admin.News 1968, p. 4411. Congressional purpose was, therefore, to strictly control the illegal transfer of firearms. The interstate sales are part of a pattern which affects the nationwide traffic in firearms. Other sections of the Gun Control Act of 1968 have been upheld even though the transactions they were applied to were not interstate. United States v. Redus, 469 F.2d 185 (9th Cir. 1972); United States v. Nelson, 458 F.2d 556 (5th Cir. 1972); United States v. Crandall, 453 F.2d 1216 (1st Cir. 1972); United States v. Trioli, 308 F.Supp. 358 (D.Mass.1970).

Since Colicchio had reasonable cause to believe Griffith was not a resident of Maryland, even though he in fact was, the provisions of § 922(a)(5) covered the sales. United States v. Kraase, 340 F. Supp. 147 (E.D.Wis.1972).

II

 Despite the validity of the convictions obtained under §§ 371, 922(a) (1) and 922(a)(5), we must reverse the convictions obtained under § 1202(a).[1] The government agrees, in its brief, that Colicchio's convictions under that section cannot stand. Neither the indictment nor the evidence produced at trial alleged that Colicchio's "receipt" or "transportation" of the firearms affected interstate commerce, as required under the rule of United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). Accordingly, the convictions under § 1202(a) are reversed and that part of this case is remanded to the District Court for further proceedings not inconsistent with the Bass decision.

Colicchio represented himself at his trial and now contends that the waiver of his right to counsel was not made in a knowing and intelligent manner. On the basis of the record we find no merit in this contention.

Affirmed in part. Reversed and remanded in part.

---

1. The section reads in pertinent part: Any person who—(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony * * * and who receives, possesses, or transports in commerce or affecting commerce * * * any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.