UNITED STATES of America,
Plaintiff-Appellee,

v.

Kenneth PLYMAN, Defendant-Appellant.

No. 76–3572.

United States Court of Appeals,
Fifth Circuit.

May 4, 1977.

Rehearing Denied June 30, 1977.

Randall Clark, Brunswick, Ga. (Court-Appointed), for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., J. Michael Faulkner, Asst. U. S. Atty., Augusta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, and COLEMAN and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

The appellant, Plyman, was convicted of an eight-count indictment for violating the Gun Control Act, 18 U.S.C. §§ 922(b)(3) & (5) (1970). These sections prohibit a licensee to sell firearms to a person he "knows or has reasonable cause to believe does not reside in" the same state and require the licensee to record information about each

buyer.[1] The transactions in question were made between Plyman, a Georgia native, and an undercover agent of the Bureau of Alcohol, Tobacco and Firearms. The agent was also a Georgia resident, but feigned to be from South Carolina when discussing the purchase of certain firearms. Eventually he bought four weapons, but Plyman failed to record any sale as required under the Act.

The sufficiency of the evidence to convict is not challenged by appellant. Instead, he argues that Congress did not intend to prohibit any transaction where the seller and buyer are residents of the same state, no matter where the dealer may have believed the purchaser to be domiciled. If this is true, the conclusion follows that the appellant by selling the firearms to the agent committed no indictable offense.[2]

 The issue of whether such transactions are actionable under section 922 has split the two circuits which have considered the issue. The Fourth Circuit in *United States v. Colicchio*, 470 F.2d 977 (4th Cir. 1972), held that such conduct is criminal under the section. The panel reasoned that the sale of a firearm to one the dealer had reasonable cause to believe was an out-of-state resident brought the dealer's conduct squarely within the terms of the section. The Seventh Circuit disagreed in *United States v. Kraase*, 484 F.2d 549 (7th Cir.

1973). The panel found the statutory language ambiguous and determined that the intent of Congress was only to regulate sales where the purchaser was in actuality an out-of-state resident. The purpose of the "reasonable cause to believe" language was only to lighten the Government's burden of proving subjective intent. *Id.* at 551.

Each circuit's view demands our respect, especially in light of the authors of the two opinions. The late Judge Soboloff penned *Colicchio* ; Justice Clark, sitting by designation, wrote *Kraase*. We do not relish choosing between such judicial luminaries, but choose we must. Upon reflection, we are convinced that *Kraase* correctly states the law.

Justice Clark noted that to give section 922[3] the construction urged by the Government would "dramatically intrude[] upon traditional state criminal jurisdiction." *Id.*, quoting *United States v. Bass*, 404 U.S. 336, 350, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). Examining the legislative history of the Gun Control Act of 1968, he found no such intent. *See* [1968] U.S.Code Cong. & Admin.News, pp. 2166, 2167; *cf. Rewis v. United States*, 401 U.S. 808, 811–12, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493, 496 (1971) (interpreting Travel Act, 18 U.S.C. § 1952 (1970)). The conclusion was buttressed by cases construing similar language [4] and by the max-

---

1. 18 U.S.C. § 922 (1970) states in relevant part,
 (b) It shall be unlawful for any . . . licensed dealer . . . to sell or deliver—

 . . . . .

 (3) any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in . . . the State in which the licensee's place of business is located . . .

 . . . . .

 (5) any firearm or ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter, the name, age, and place of residence of such person if the person is an individual . . ..

2. The appellant raises two other points of error on this appeal. First, he contends that there was not sufficient evidence to demonstrate that his business had begun. We disagree. *See United States v. Scherer*, 523 F.2d 371 (7th Cir. 1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1108,

47 L.Ed.2d 315 (1976). Second, he claims that the trial court gave a prejudicial *Allen* charge to the jury. We decline to reach this issue, however, due to our disposition of this appeal.

3. The appellants in *Colicchio* and *Kraase* were actually indicted under 18 U.S.C. § 922(a)(5) (1970). As the court noted in *Kraase*, however, section 922(a)(5) and section 922(b)(3) should be treated identically in this situation. 484 F.2d at 551–52.

4. The *Kraase* panel noted that the federal perjury statute, 18 U.S.C. § 1621 (1970), requires only that the accused utter a sworn statement that he "does not believe to be true." Nevertheless, the courts have required proof that the statement is actually false. *United States v. Hagarty*, 388 F.2d 713, 716 n. 2 (7th Cir. 1968); *see Bronston v. United States*, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973).

im that criminal statutes should be strictly construed. 484 F.2d at 552. We concur that Congress did not intend to regulate sales of firearms between residents of the same state.[5] The "reasonable cause to believe" clause in section 922 is relevant solely to the intent of the seller. As a result, the appellant's conviction under section 922(b)(3) cannot stand.[6]

■ The question still remains as to whether the conviction under those counts charging a violation of section 922(b)(5) stands intact. That subsection mandates recording the name, age and place of residence of any buyer of firearms, and the jury necessarily found that this had not been done by Plyman. It does not speak in terms of sales to those the licensee "knows or has reasonable cause to believe" live in another state as does subsection (b)(3). Nevertheless, we feel that in this trial where violations of subsection (b)(3) were inextricably bound up with the prosecution under subsection (b)(5), the potential for prejudice on the latter counts was acute. For this reason, we also invalidate Plyman's conviction under section 922(b)(5). The Government may, of course, retry the appellant under that subsection in its discretion. This cause must be reversed and remanded to the district court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

**5.** We also note that Judge Sobeloff in *Colicchio*, decided before *Kraase*, relied on the district court opinion in *Kraase*, 340 F.Supp. 147 (E.D.Wis.1972), *rev'd*, 484 F.2d 549 (7th Cir. 1973). *See* 470 F.2d at 979.

**6.** Counts one through four of the indictment were for individual sales of firearms by Plyman to the undercover agent. Counts five through eight were for failing to record those same sales. Convicted of all eight counts, the trial court sentenced appellant to pay a fine of $1,000 for count one and then gave him a five year probated sentence on each of the remaining counts to run concurrently. Since count one involved a fine, the concurrent sentence doctrine is not even arguably appropriate as to counts one through four. *See generally United States v. Strickland*, 509 F.2d 273 (5th Cir. 1975).