7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
-STATES of America, Plaintiff-Appellee,
v.
William Marshall WARD, Defendant-Appellant.
 No. 92-5502.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 25, 1993.
Decided: September 22, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 Gary M. Bowman, MARTIN, HOPKINS, LEMON & EDWARDS, P.C., for Appellant.
 E. Montgomery Tucker, United States Attorney, Jean Barrett Hudson, Assistant United States Attorney, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Following a jury trial, William Marshall Ward was convicted on one count of conspiracy to transfer firearms to a person not residing in Virginia and two counts of transferring firearms to a person not residing in Virginia. He was sentenced to three concurrent twenty-four month prison terms. Ward appeals, contending that the evidence was insufficient to support his convictions and that the district court failed to properly instruct the jury. We find these claims lack merit; consequently, we affirm.
 
 
 2
 In October 1991, New York resident Morris Lee Garrett came to Virginia to buy guns to resell in New York. Morris asked Virginia resident William Marshall Ward whether he had a Virginia drivers license and no felony convictions and then hired him to purchase firearms. Listing himself as the "transferee and buyer" on the firearms purchase form, Ward bought at least twenty guns for Garrett in a three month period. In a statement to United States Bureau of Alcohol, Tobacco and Firearms ("ATF") Special Agent Jack Tuttle, Ward said that Garrett had never told him where he lived, but that Ward knew Garrett drove a car with North Carolina license plates and that he planned to take the guns Ward bought to New York.
 
 
 3
 A grand jury indicted Ward on five counts of conspiring to and making strawman purchases of guns in violation of 18 U.S.C.A. § 922(a)(5) & (6) (West 1985 & Supp. 1993) and he was convicted on Count I, the conspiracy charge, and Counts III and IV, charges of selling firearms to a person he knew or had reason to know did not reside in Virginia, in violation of § 922(a)(5). On appeal, Ward raises two issues: sufficiency of the evidence and failure to give a jury instruction on the definition of "residence."
 
 I. Sufficiency of the Evidence
 Section 922(a)(5) makes it unlawful
 
 4
 for any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to trans fer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knows or has reasonable cause to believe does not reside in ... the State in which the transferor resides.
 
 
 5
 18 U.S.C.A. § 922(a)(5) (West Supp. 1993). As the statute clearly states, one element of this crime is that a defendant know or have reasonable cause to believe that he and the transferee are residents of different states. United States v. Colicchio, 470 F.2d 977, 979 (4th Cir. 1972). Ward claims that the evidence was insufficient to support a finding that Garrett was not a Virginia resident or that Ward knew or should have known that Garrett was not a Virginia resident.
 
 
 6
 A criminal defendant may be convicted only upon proof beyond a reasonable doubt. In re Winship, 397 U.S. 358, 361 (1970). A jury's guilty verdict must be sustained, however, "if there is substantial evidence, viewing the evidence in the light most favorable to the government, to support the finding of guilt." United States v. Rusher, 966 F.2d 868, 878 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S. 1992). The test is whether " 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 7
 In this case, although Ward testified that Garrett had an apartment in Lynchburg, Virginia, he knew that Garrett's car had out-of-state license plates. Moreover, he knew that Garrett planned to conduct business outside of Virginia. A government witness who lived in the apartment building said that Garrett told her he was from New York and she observed him go in and out of the apartment. Garrett testified that he was a twenty-year New York resident and had North Carolina license plates because he had considered moving there. Viewing the evidence in the light most favorable to the government, a rational fact finder could have found that Garrett resided outside of Virginia and Ward had reasonable cause to believe that Garrett resided in another state. Therefore, the evidence was sufficient to support Ward's conviction for violating § 922(a)(5).*
 
 II. Jury Instructions
 
 8
 Ward contends that the district court erred by failing to instruct the jury on the definition of "residence" or "state of residence" even though the prosecution and defense both offered written instructions to the Court. The trial court agreed but then failed to give the prosecution's definition of "residence." Ward failed to object to the jury instructions. (J.A. 152). Therefore, he failed to preserve this issue for review on appeal. United States v. Byrd, 542 F.2d 1026, 1028 (8th Cir. 1976); Fed. R. Crim. P. 30.
 
 
 9
 In the absence of proper objection, an issue of allegedly insufficient jury instructions may not be raised on appeal unless the judge's failure to properly instruct was a plain error within the meaning of Fed. R. Crim. P. 52(b). United States v. Venneri, 736 F.2d 995, 996 (4th Cir.), cert. denied, 469 U.S. 1035 (1984). The plain error rule, as an exception to the mandate of Fed. R. Crim. P. 30, "is always to be applied cautiously and only in the exceptional case." United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir.), cert. denied, 459 U.S. 1018 (1982).
 
 
 10
 The trial record discloses that the district court adequately instructed the jury on the elements of the offense of transferring firearms to a nonresident. Thus, the trial court did not commit a clear error in instructing the jury. Because Ward did not object to the instructions at trial and because the trial court did not commit clear error in instructing the jury, he is precluded from raising the jury instruction issue on appeal.
 
 
 11
 Because the evidence was sufficient to support Ward's convictions and Ward waived objections to the jury instructions, we affirm his convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Ward does not argue that the evidence was insufficient to support a finding of the other elements of § 922(a)(5)