**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Bennie HORNBECK,
Defendant-Appellant.**

**No. 73–1662.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 24, 1973.

Decided Dec. 28, 1973.

Certiorari Denied April 1, 1974.
See 94 S.Ct. 1614.

Irving M. Wiseman, Joseph Alan Bacus, Alton, Ill., for defendant-appellant.

J. Kenneth Lowrie, Organized Crime & Racketeering Section, U. S. Dept. of Justice, St. Louis, Mo., Donald Mackay, U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and GRANT, Senior District Judge.[*]

PER CURIAM.

Defendant appeals from a conviction upon a plea of guilty of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1). That section provides:

(a) It shall be unlawful—

(1) for any person, except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms or ammunition, or in the course of such business to ship, transport, or receive any firearm or ammunition in interstate or foreign commerce; . . .

Defendant admittedly sold firearms without a federal license. He contends, however, that he cannot be convicted under section 922(a)(1) absent a showing of a nexus between his transactions and interstate commerce. He asserts that Congress does not possess the power to regulate purely intrastate transactions such as his. The Government stipulated that defendant's transactions were intrastate and that no evidence would be introduced at trial that the guns were manufactured in another state or shipped in interstate commerce. This appeal raises two issues: (1) does 18 U.S.C. § 922(a)(1), prohibiting unlicensed dealing, manufacturing, or importing of firearms or ammunition, apply to intrastate as well as interstate firearm activities; and (2) can Congress regulate purely intrastate dealing in firearms when such activity by its very nature affects interstate commerce.

■■ Turning to the first issue, we find that defendant's reliance on United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), is misplaced. Unlike the statute in *Bass*, section 922(a)(1) is not ambiguous nor is its underlying legislative history equivocal. That it applies to intrastate as well as interstate firearm activities is quite clear. See Mandina v. United States, 472 F.2d 1110 (8th Cir. 1973), cert. denied 412 U.S. 907, 93 S.Ct. 2299, 36 L.Ed.2d 972 (1973); United States v. Redus, 469 F.2d 185 (9th Cir. 1972); United States v. Ruisi, 460 F.2d 153 (2d Cir. 1972), cert. denied, 409 U.S. 914, 93 S.Ct. 234, 34 L.Ed.2d 176 (1972). Accordingly, proof of an interstate nexus was not necessary for conviction under the statute.

■■ With respect to the second issue, defendant's constitutional challenge to section 922(a)(1) must fail for it is well established that Congress may impose criminal sanctions for the purpose of regulating purely intrastate activities which substantially affect interstate commerce. Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). We find section 922(a)(1) to be a valid exercise of Congress' Commerce Clause power. See Mandina v. United States, 472 F.2d 1110, 1113 (8th Cir. 1973), cert. denied, 412 U.S. 907, 93 S.Ct. 2299, 36 L.Ed.2d 972 (1973).

The judgment of the district court is affirmed.

[*] Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.