**UNITED STATES of America**

v.

**Carl E. BOONE.**

**No. 2:95 cr 72 JM.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 30, 1995.

See also 904 F.Supp. 868.

Joseph B. Cioe, Jr., Chesterton, Ind., for defendant.

Jon E. DeGuilio, Asst. U.S. Atty., N.D. of Ind., Dyer, Ind., for U.S.

### ORDER

MOODY, District Judge.

This case comes before the court on defendant Carl Boone's ("Boone") motion to dismiss the indictment. *See* Fed.R.Crim.P. 12(b). Boone asserts that the indictment is jurisdictionally defective, in that he is charged with violating a statute, 18 U.S.C. § 924(m), that exceeds the powers of Congress. More specifically, Boone argues that Congress did not have authority under the Commerce Clause to enact § 924(m). Boone cites only one case in support of his argument, *United States v. Lopez*, — U.S. —, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). As the court more fully explains in the following paragraphs, 18 U.S.C. § 924(m) does not exceed the power of Congress to regulate under the Commerce Clause. Accordingly, Boone's motion is **DENIED.**

The indictment charges that Boone, with intent to engage in the business of dealing in firearms without a license, traveled from Illinois to Indiana. The indictment further charges that, while in Indiana, Boone in fact attempted to acquire firearms in furtherance of this purpose. The federal statute that prohibits such conduct is 18 U.S.C. § 924(m):

A person who, with the intent to engage in conduct that constitutes a violation of section 922(a)(1)(A),[1] *travels from any State or foreign country into any other State* and acquires, or attempt to acquire, a firearm *in such other State* in furtherance of such purpose shall be imprisoned for not more than 10 years.

18 U.S.C. § 924(m) (emphasis added). Boone's contention is that, in light of the United States Supreme Court's decision in *United States v. Lopez,* § 924(m) is unconstitutional as exceeding Congress's power under the Commerce Clause.[2] Boone sets forth a handful of similar arguments in support of his contention. In light of the clear inapplicability of the *Lopez* holding to this statute, the court need not address each argument separately. Rather, the court will briefly set forth the reason why § 924(m) *is* a valid exercise of Congress's Commerce Clause power.

■ In *Lopez* the Supreme Court held that 18 U.S.C. § 922(q)(1)(A) ("the Gun–Free School Zones Act"), which forbids "any individual knowingly to possess a firearm at a place that [he] knows ... is a school zone," exceeded Congress's authority under the Commerce Clause. *Lopez,* — U.S. at —, 115 S.Ct. at 1626. In arriving at this conclusion, the Court identified three broad categories of activity that Congress is permitted to regulate pursuant to the Commerce Clause. First, Congress can regulate "the use of the channels of interstate commerce." *Id.* at —, 115 S.Ct. at 1629. Second, Congress may regulate "the instrumentalities of interstate commerce, or persons or things in interstate commerce." *Id.* Third, Congress may regulate those activities that "substantially affect interstate commerce." *Id.* at —, 115 S.Ct. at 1630. The Court quickly dispensed with the notion that the Gun–Free School Zones Act regulated conduct in either of the first two categories, and went on to

---

1. 18 U.S.C. § 922(a)(1)(A) provides:
   (a) It shall be unlawful—
      (1) for any person—
      (A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive

   any firearm in interstate or foreign commerce;
      . . . .

2. "Congress shall have Power ... To regulate Commerce with foreign Nations, and among the several States...." U.S. Const. art. I, § 8.

decide whether the conduct regulated by the Act *substantially affected* interstate commerce. *Id.* The Court's holding is that the activity of possessing firearms in a school zone does not substantially affect interstate commerce. *Id.*

 The *Lopez* holding is inapplicable to the case at bar because the statute at issue in this case, § 924(m), is clearly an example of the first category. With § 924(m) Congress has chosen to regulate "the use of the channels of interstate commerce." *Id.* at ——, 115 S.Ct. at 1629. In *Perez v. United States,* 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971), the Supreme Court listed examples of statutes in this first category. The shipment of stolen goods through interstate commerce, 18 U.S.C. § 2312–16, and the transportation of a kidnapped person in interstate commerce, 18 U.S.C. § 1201, are examples of Congress's regulation of the use of interstate commerce channels. *Id.* at 150, 91 S.Ct. at 1359–60. What each of these statutes has in common is the presence of *an interstate commerce element* that must be proven by the government. *See generally U.S. v. Abadie,* 879 F.2d 1260, 1266 (5th Cir.), *cert. denied,* 493 U.S. 1005, 110 S.Ct. 569, 107 L.Ed.2d 563 (1989) ("Proof of interstate travel is required as a jurisdictional prerequisite to a conviction under the [similar] Travel Act."). For example, 18 U.S.C. § 2312 prohibits an individual from transporting a stolen vehicle "in interstate or foreign commerce;" 18 U.S.C. § 2316 prohibits an individual from transporting stolen livestock "in interstate or foreign commerce;" 18 U.S.C. § 1201 prohibits an individual from willfully transporting a kidnapped person "in interstate or foreign commerce." Similarly, the statute at issue in this case, 18 U.S.C. § 924(m), prohibits an individual from "travel[ing] from any State or foreign country into any other State" in an attempt to illegally deal in firearms. The presence of an express interstate commerce element in § 924(m) shows that it is a valid exercise of Congressional authority under the Commerce Clause. Put another way, there is simply no *Lopez* issue—i.e., whether the prohibited activity substantially *affects* interstate commerce—surrounding § 924(m). Rather, the activity prohibited by § 924(m) *is* interstate commerce.

With § 924(m) Congress has chosen to prohibit people from using the channels of interstate commerce to illegally deal in firearms. *See* § 924(m). Because this is a valid exercise of Congress's Commerce Clause authority, Boone's motion to dismiss the indictment is **DENIED.**

**SO ORDERED.**