**UNITED STATES of America**

v.

**Carl E. BOONE.**

**No. 2:95 cr 72 JM.**

United States District Court,
N.D. Indiana,
Hammond Division.

Oct. 30, 1995.

See also, 904 F.Supp. 866.

Joseph B. Cioe, Jr., Chesterton, Ind., for defendant.

Jon E. DeGuilio, Asst. U.S. Atty., N.D. of Ind., Dyer, Ind., for U.S.

### ORDER

MOODY, District Judge.

Carl Boone ("Boone") now moves this court to dismiss the superseding indictment in this case. *See* FED.R.CRIM.P. 12(b). Boone argues that the two statutes that he has been charged with violating, 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(m), exceed the powers that Congress possesses under the Commerce Clause. Previously, Boone had moved to dismiss the original indictment which only charged Boone with a violation of the second statute, § 924(m). In this court's order of August 30, 1995, the court held that § 924(m) is a valid exercise of Congress's Commerce Clause authority. Accordingly, Boone's present motion to dismiss that portion of the superseding indictment based on § 924(m) is **DENIED** for the same reasons that the court stated on August 30th. Boone's request for the court to dismiss that portion of the superseding indictment based on § 922(a)(1)(A) is also **DENIED** for the following reasons.

In Count 1 of the superseding indictment, the government charges Boone with violating 18 U.S.C. § 922(a)(1)(A) which provides in pertinent part:

It shall be unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms....

18 U.S.C. § 922(a)(1)(A). In *United States v. Hornbeck,* 489 F.2d 1325, 1326 (1973), *cert. denied,* 416 U.S. 907, 94 S.Ct. 1614, 40 L.Ed.2d 112 (1974), the Seventh Circuit Court of Appeals held that § 922(a)(1) is a valid exercise of Congress's Commerce Clause[1] power. Boone contends, however, that in light of the United States Supreme Court's recent decision in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *Hornbeck* must be wrong. The court does not agree with Boone's interpretation of *Lopez.* Because § 922(a)(1)(A) regulates conduct that "substantially affect[s] interstate commerce," *Lopez,* —— U.S. at ——, 115 S.Ct. at 1630, the court holds that § 922(a)(1)(A) remains a valid exercise of Congressional power.

This court previously summarized the holding of *Lopez* in its order of August 30, 1995:

In *Lopez* the Supreme Court held that 18 U.S.C. § 922(q)(1)(A) ("the Gun–Free School Zones Act"), which forbids "any individual knowingly to possess a firearm at a place that [he] knows ... is a school zone," exceeded Congress's authority under the Commerce Clause. *Lopez,* —— U.S. at ——, 115 S.Ct. at 1626. In arriving at this conclusion, the Court identified three broad categories of activity that Congress is permitted to regulate pursuant to the Commerce Clause. First, Congress can regulate "the use of the channels of interstate commerce." *Id.* at ——, 115 S.Ct. at 1629. Second, Congress may regulate "the instrumentalities of interstate commerce, or persons or things in interstate commerce." *Id.* Third, Congress may regulate those activities that "substantially affect interstate commerce." *Id.* at ——, 115 S.Ct. at 1630. The Court quickly dispensed with the notion that the Gun–Free School Zones Act regulated conduct in either of the first two categories, and went on to decide whether the conduct regulated by the Act *substantially affected* interstate commerce. *Id.* The Court's holding is that the activity of possessing firearms in a school zone does not substantially affect interstate commerce. *Id.*

904 F.Supp. 866, 867–68 (N.D.Ind.1995).

Even though the statute at issue in *Lopez* regulates firearms, just as § 922(a)(1)(A) does, the two statutes are very different. The *Lopez* statute barred the possession of firearms in a school zone. The Supreme Court held that such possession of firearms does not substantially affect interstate com-

---

1. "Congress shall have Power ... To regulate Commerce with foreign Nations, and among the several States...." U.S. Const., art. I, § 8.

merce. Section 922(a)(1)(A), however, establishes a licensing requirement for all those who deal in the business of firearms. In contrast to the mere *possession* of firearms near schools, the nationwide *business* of dealing in firearms does substantially affect interstate commerce. In fact, Congress specifically found that federal control over firearms licensing was necessary to address the serious problems associated with interstate trafficking in weapons. S.REP. No. 1097, 90th Cong., 2nd Sess., *reprinted in 1968* U.S.C.C.A.N. 2112, 2114.

Although the *Lopez* Court held that a federal firearms statute was unconstitutional, it did not reject the following principle: Congress can constitutionally regulate a class of activities, i.e. firearms manufacturing and distribution, if that class has a substantial effect on interstate commerce. *Perez v. United States,* 402 U.S. 146, 153–55, 91 S.Ct. 1357, 1361–62, 28 L.Ed.2d 686 (1971). This is clear from the *Lopez* opinion itself. While outlining the nature of Congress's Commerce Clause power, the Court stated, "[w]here economic activity substantially affects interstate commerce, legislation regulating that activity will be sustained." *Lopez,* —— U.S. at ——, 115 S.Ct. at 1630. The Court noted that such economic activity may include purely intrastate activity, i.e. extortion. *See Perez,* 402 U.S. at 153–55, 91 S.Ct. at 1361–62. This court finds that the economic activity of dealing in the business of firearms is in this same category. Accordingly, § 922(a)(1)(A)'s licensing requirement is a legitimate exercise of Congress's Commerce Clause authority.

Because 18 U.S.C. § 922(a)(1)(A) and § 924(m) are both valid exercises of Congress's power under the Commerce Clause, Boone's motion to dismiss the superseding indictment is **DENIED.**

**SO ORDERED.**