108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl E. BOONE, Defendant-Appellant
 No. 96-2111.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.*
Decided March 6, 1997.
 
 Before BAUER, COFFEY, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Carl Boone tried but failed to move the district court to dismiss the federal indictment charging him with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). Boone then pleaded guilty. Boone now renews his argument that the Supreme Court's decision in United States v. Lopez, 115 S.Ct. 1624 (1995), demonstrates that these provisions exceed the scope of Congress's Commerce Clause power. We affirm.
 
 
 2
 The facts are simple. As Boone admitted at his plea hearing, he engaged in the business of dealing firearms, purchasing and selling some 200 handguns in less than a year. He stated that he purchased the guns from a licensed dealer in Indiana and resold them in Illinois. He also conceded that he had never acquired a license, even after learning that he needed one.
 
 
 3
 Lopez addressed the branch of Commerce Clause legislation that rests on Congress's power to regulate activities "affecting commerce," and struck down the Gun-Free School Zones Act, 18 U.S.C. § 922(q), which forbade "any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone," on the ground that the activity regulated did not substantially affect interstate commerce. Lopez, 115 S.Ct. at 1631. As we explained in United States v. Kenney, 91 F.3d 884 (7th Cir.1996), the Lopez decision expressly did not retrench existing Supreme Court precedent concerning the scope of the Commerce Clause power; rather, it declined "to proceed any further." Id. at 886 (quoting Lopez, 115 S.Ct. at 1634).
 
 
 4
 Rather than section 922(q), Boone challenges a different and much older subsection of the gun control law which provides in relevant part that "[i]t shall be unlawful for any person except a ... licensed dealer, to engage in the business of ... dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate ... commerce." 18 U.S.C. § 922(a)(1)(A). Boone argues that dealing in firearms is a noneconomic activity that does not satisfy the required nexus with interstate commerce. His first point is peculiar--dealing in firearms epitomizes commercial activity. As for the second point, setting to one side Boone's concession that he personally transported all of the weapons he sold interstate, the extensive legislative history of the Gun Control Act of 1968 convincingly demonstrates the effect of firearms dealing on interstate commerce. See Mandina v. United States, 472 F.2d 1110, 1113 (8th Cir.1973) (discussing congressional findings). We had no difficulty upholding the constitutionality of § 922(a)(1)(A) in United States v. Hornbeck, 489 F.2d 1325, 1326 (7th Cir.1973) (per curiam), by a straightforward application of the Supreme Court's holding in Perez v. United States, 402 U.S. 146 (1971), a decision that recognized Congress's commerce power to regulate intrastate loansharking because of its demonstrated link to interstate crime. Lopez did not question the validity of Perez, nor does it now lead us to question Hornbeck.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)