**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10308 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-01733-RCC-JCG-2 |
| v. | |
| ALEX TORRES IBARRA, AKA Alex Ibarra Torres, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted April 18, 2012[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, N.R. SMITH and CHRISTEN, Circuit Judges.

We affirm the conviction of Alex Torres-Ibarra ("Torres") for twenty-one

charges of Aiding and Abetting False Statements During Purchase of Firearms, in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 924 (a)(1)(A) and 2(a), and one count of Engaging in the Business of Dealing Firearms without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D).

The district court had jurisdiction over violations of 18 U.S.C. §§ 924(a)(1)(A) and 922(a)(1)(A), whether or not an interstate commerce nexus is alleged or included in the text of the statute. *See Gonzales v. Raich*, 545 U.S. 1, 17 (2005)*; Huddleston v. United States*, 415 U.S. 814, 833 (1974). In addition, the interstate commerce nexus is not an element required to be charged for violation of 18 U.S.C. § 922(a)(1)(A). *United States v. Redus*, 469 F.2d 185, 187-88 (9th Cir. 1972).

The clear and detailed statutory and regulatory requirements of 18 U.S.C. § 924(a)(1)(A) are not unconstitutionally vague. *See United States v. Jae Gab Kim*, 449 F.3d 933, 942 (9th Cir. 2006). These requirements apply to the false representations Torres aided and abetted in this case.

The indictment sufficiently alleged aiding and abetting, because this charge is embedded in every federal crime. *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005). Even assuming any deficiency, Torres has not shown that he was prejudiced, because he was fairly informed of the charges against him. *Hagner v. United States,* 285 U.S. 427, 431-32 (1932).

There was sufficient evidence presented at trial to support Torres' convictions for aiding and abetting, *id.* at 431, because 1) Torres was the one who took the "orders" for the firearm purchases, believing that the ultimate purchaser could not buy firearms himself because he was not a United States citizen; 2) Torres contacted his cousin and directed him to purchase certain types and quantities of firearms, because Torres believed he was prohibited from purchasing firearms due to an outstanding arrest warrant; 3) after Torres' cousin purchased the firearms, Torres then provided the firearms to the ultimate purchaser and gave a "cut" of his profits to his cousin; and 4) Torres admitted that he knew what he was doing was wrong, and it was his fault for getting his cousin involved in trouble.

Viewing the evidence "in the light most favorable to the prosecution," *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc), the district court did not err by concluding that, since Torres was the one who directed his cousin's activities and told his cousin how to go about purchasing the firearms, it was reasonable for the jury to infer that Torres aided and abetted his cousin. Furthermore, the evidence demonstrates that Torres knew that the identity of the purchaser was important for the purchase of a firearm, and that a misrepresentation of identity was necessary for his cousin to purchase the firearms on Torres' behalf.

**AFFIRMED.**