# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2014

Lyle W. Cayce
Clerk

No. 13-50189
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HARMON CHESTER STRUNK, JR., also known as Butch Grimes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-718-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Harmon Chester Strunk, Jr., challenges his jury trial convictions for engaging in the business of dealing in firearms without a license and for selling a firearm to a felon. *See* 18 U.S.C. §§ 922(a)(1)(A), (d); 923(a); 924(a)(1)(D), (a)(2). We affirm.

We reject Strunk's claim that there was insufficient evidence that he was engaged in the business of selling firearms. To convict a defendant of illegally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50189

dealing in firearms, the Government must prove that he was not a licensed importer, manufacturer, or dealer of firearms and that he wilfully engaged in the business of importing, manufacturing, or dealing in firearms. §§ 922(a)(1)(A), 924(a)(1)(D); *Bryan v. United States*, 524 U.S. 184, 187-88 & n.2 (1998). The evidence showed that Strunk did not have a license, that he engaged in a regular course of selling firearms that were not part of his personal collection, and that he retained money collected on the sale of others' firearms. Strunk has failed to show that no rational trier of fact could have found that the evidence "established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

Additionally, we find no merit to the claim that the legislation making it a crime to engage in the business of selling firearms without a license is unconstitutionally vague because it did not furnish fair notice as to what conduct was allowed and what conduct was proscribed. Strunk, without being licensed, sold firearms entrusted to him by others for the purpose of sale. Such conduct is unquestionably prohibited by the legislation's text. Strunk cannot, therefore, attack the legislation on the basis that it is vague because it does not establish a bright-line rule to guide and protect others. *See Parker v. Levy*, 417 U.S. 733, 756 (1974).

We reject also the contention that here was insufficient evidence that Strunk knew or had reason to know that Carlos Roque, to whom he sold a firearm, was a felon. Strunk asserts primarily that a close examination of the recordings and transcripts presented to the jury reveals that the jury misconstrued the evidence. Even if his descriptions of the recordings and transcripts are taken as true, however, they demonstrate at best that Strunk disagrees with the way the jury construed the evidence, not that the jury's

construction was unreasonable.  *See United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).

AFFIRMED.