# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10743

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JACKIE DON BURKE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-281-1

Before JOLLY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jackie Don Burke ("Burke") appeals the district court's entry of final judgment of sentence and conviction. We AFFIRM.

Burke was charged in a one-count indictment with engaging in the business of firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) & 924(a)(1)(D). A jury found Burke guilty at trial, and the district court sentenced Burke and entered final judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10743

Burke appeals his conviction on several grounds.  First, he asserts that his conviction should be vacated because the district court lacked subject matter jurisdiction.  We review this issue *de novo* and conclude that the district court had jurisdiction pursuant to 18 U.S.C. § 3231.  *See United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014).[1]

Second, Burke maintains that his conviction should be vacated because § 922(a)(1)(A) exceeds Congress's authority under the Commerce Clause because the first section of the statute lacks an interstate commerce nexus. Under the rule of orderliness, we are bound by our prior holding in *United States v. King*, 532 F.2d 505, 510 (5th Cir. 1976), in which we rejected this precise argument with respect to this precise statute.[2]  *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (holding that "only an intervening change in the law (such as by a Supreme Court case) permits a subsequent panel to decline to follow a prior Fifth Circuit precedent," and that "[s]uch an intervening change in the law must be unequivocal, not a mere 'hint' of how the Court might rule in the future."), *cert. denied*, 134 S. Ct. 1570 (2014). Burke argues that a series of recent cases from the Supreme Court[3] overrules our holding in *King*.  However, none of these cases unequivocally overrule *King*

---

[1] Although Burke argues that § 922(a)(1) exceeds Congress's authority under the Commerce Clause, such a constitutional challenge does not "affect[ the district] court's subject matter jurisdiction." *United States v. Sealed Appellant*, 526 F.3d 241, 243 & n.4 (5th Cir. 2008) (citation omitted); *see also Isgar*, 739 F.3d at 838.

[2] Other circuits have come to the same conclusion on this question. *See United States v. Ibarra*, 472 F. App'x 819, 819 (9th Cir. 2012) (unpublished); *United States v. Hornbeck*, 489 F.2d 1325, 1326 (7th Cir. 1973); *Mandina v. United States*, 472 F.2d 1110, 1113–14 (8th Cir. 1973).  The Supreme Court, in analyzing a separate subsection of § 922, also rejected the argument that an interstate commerce nexus was required. *See Huddleston v. United States*, 415 U.S. 814, 833 (1974).

[3] Specifically, Burke cites the following cases: *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012); *United States v. Lopez*, 514 U.S. 549 (1995); and *United States v. Morrison*, 529 U.S. 598 (2000).

or even address § 922(a)(1)(A).[4]    Accordingly, we are bound by *King* and conclude that this issue is foreclosed.[5]

Third, Burke contends that his conviction should be vacated because the Government did not introduce sufficient evidence to establish a nexus between Burke's activity and interstate commerce under § 922(a)(1)(A).  However, such a nexus is not a required element of § 922(a)(1)(A) under *King*.  *See* 532 F.2d at 510.[6]

Finally, Burke asserts that his conviction should be vacated because § 922(a)(1)(A) is unconstitutionally vague.  We review this issue *de novo*. *See United States v. Monroe*, 178 F.3d 304, 308 (5th Cir. 1999).  Section 922(a)(1)(A) prohibits, among other things, any person, except a licensed dealer, from engaging in the business of dealing in firearms.  Burke contends that § 922(a)(1)(A) is unconstitutionally vague because it does not provide clear notice of what conduct constitutes "engaging in the business of dealing in firearms."  At trial, the Government provided substantial evidence that Burke was engaged in the business of dealing in firearms, as those terms are defined

---

[4] *National Federation* involved a challenge to the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).  132 S. Ct. at 2577.  *Lopez* involved a challenge to the validity of the Gun-Free School Zones Act of 1990, Pub. L. No. 101-647, 104 Stat. 4844 (1990).  514 U.S. at 551.  *Morrison* involved a challenge to the constitutionality of the Violence Against Women Act of 1994, Pub. L. No. 103-322, 108 Stat. 1902 (1994). 529 U.S. at 605.

[5] We note that while Burke seeks *de novo* review on this issue, the Government maintains that plain error review should apply because Burke did not preserve this issue for our review.  Even under the least deferential standard of review, we affirm because Burke's argument is foreclosed by our prior precedent.

[6] The parties again dispute whether this issue should be reviewed *de novo* or for plain error, given Burke's failure to articulate before the district court the Commerce Clause argument that he now advocates on appeal.  Here again, the outcome does not turn on the standard of review, so we need not decide which standard applies.

under the statute.[7]  *See* 18 U.S.C. §§ 921(a), 922(a)(1)(A).  Burke cannot challenge the constitutionality of § 922(a)(1)(A) for vagueness, because his conduct was unquestionably prohibited by the statute.  *See Parker v. Levy*, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."); *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973) (same); *see also United States v. Strunk*, 551 F. App'x 245, 246 (5th Cir.) (unpublished)[8] (concluding that a defendant who, "without being licensed, sold firearms entrusted to him by others for the purpose of sale," could not attack § 922(a)(1)(A) on the basis that it is vague, because "[s]uch conduct is unquestionably prohibited by the legislation's text"), *cert. denied*, 134 S. Ct. 1912 (2014); *United States v. Shipley*, 546 F. App'x 450, 456 (5th Cir. 2013) (unpublished) (rejecting a vagueness challenge to § 922(a)(1)(A) by a defendant who made, "over a number of years, numerous repetitive sales in quick succession, sometimes to repeat customers," because "such conduct is unquestionably prohibited by the statutes' text"), *cert. denied*, 134 S. Ct. 2842 (2014).

AFFIRMED.

---

[7] Specifically, the Government introduced evidence establishing that Burke: (a) advertised that he dealt in firearms; (b) acquired and sold approximately 135 firearms in the span of a year; (c) posted multiple sales listings on GunsAmerica.com for firearms valued at more than $25,000; (d) frequently purchased several firearms of the same model and caliber; (e) sold firearms for other individuals on a consignment basis; (f) sold a number of firearms with a total value of approximately $45,000 at a gun show; (g) affixed price tags to most of the firearms in his "Arms Room," indicating their availability for sale; and (h) sold many of the firearms that he purchased within a few months of purchase.

[8] "An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).